**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-332-DLB**

**THOMAS NIZEYIMANA** **PETITIONER**

**v.** **ORDER**

**SAMUEL OLSON, et al.** **RESPONDENTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Thomas Minzyimana's Petition for Writ of Habeas Corpus. Respondents having filed their Response (Doc. # 6), and Petitioner having filed his Reply (Doc. # 7), this matter is ripe for review. For the following reasons, Nizeyimana's Petition is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Thomas Nizeyimana is a native and citizen of Burundi who entered the United States in 2007 and has remained here since. (Doc. # 1 ¶ 12). He was granted lawful permanent residence ("LPR") in 2009. (*Id.* ¶ 15). He suffers from schizophrenia, which makes it difficult for him to hold a job and pick up on social cues. (*Id.* ¶ 16). In 2013, Petitioner moved to Salt Lake City, Utah. (*Id.* ¶ 18).

In 2015, while still living in Salt Lake City, Nizeyimana pled guilty to unauthorized possession of property, a misdemeanor charge. (*Id.* ¶ 19). His guilty plea was held in abeyance for twelve months, after which time his charges were dismissed with prejudice. (*Id.*). Six years later, in 2021, Nizeyimana was convicted of reckless endangerment,

another misdemeanor charge. (*Id.* ¶ 20). He was given a suspended sentence of 364 days and placed on probation for eighteen months. (*Id.*). Nizeyimana moved to Seattle, Washington to live with his parents in 2024, where he continued to struggle to find employment because of his schizophrenia. (*Id.* ¶¶ 21–22).

In September 2025, Nizeyimana traveled to his native Burundi to seek treatment for his schizophrenia. (*Id.* ¶ 24). Upon his return in December 2025, Nizeyimana was arrested and detained by United States Customs and Border Patrol. (*Id.* ¶ 25). He was subsequently transferred to the Kenton County Detention Center in Covington, Kentucky, where he was detained without bond. (*Id.*). On April 7, 2026, Nizeyimana had a removal hearing before the immigration court in Memphis Tennessee, where the immigration judge ("IJ") ordered Nizeyimana removed to Burundi on the basis of his prior criminal conviction. (*Id.* ¶ 26; Doc. # 6-5). Nizeyimana appealed the IJ's order to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on June 29, 2026, finding Nizeyimana had waived his right to appeal in the hearing before the IJ. (Doc. # 1 ¶ 27). Nizyimana appealed the BIA's decision to the Sixth Circuit on July 8, 2026, and that case remains pending. (Doc. # 6 at 2). The Sixth Circuit also stayed Nizeyimana's removal pending its review of his appeal. (*Id.*).

Nearly a month after appealing to the Sixth Circuit, on August 7, 2026, Nizeyimana filed the instant Petition. (Doc. # 1). In his Petition, Nizeyimana requests that this Court order his immediate release. (*Id.* at 15). On August 12, 2026, the Court Ordered Respondents to respond to the Petition. (Doc. # 4). Respondents filed their Response (Doc. # 6), Nizeyimana filed his Reply (Doc. # 7), and the matter is ripe for review.

## III. ANALYSIS

Nizeyimana argues that his continued detention violates his due process rights under the Fifth Amendment. (Doc. # 1 ¶¶ 59–62). In their Response, Respondents argue Nizeyimana is not eligible for the relief he seeks because he was convicted of a crime involving moral turpitude and is there mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1). (Doc. # 6 at 2–3). Nizeyimana does not address this argument in his Reply.

Section 1226(c)(1) states in pertinent part, that "[t]he Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2)]." Section 1182(a)(2)(A)(i)(I) includes "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime[.]" The Supreme Court in *Demore v. Kim* concluded that mandatory detention under 1226(c) "necessarily serves the purpose of preventing deportable criminal aliens from feeling prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." 538 U.S. 510, 528 (2003); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("the meaning of [1226(c)] is clear").

Respondents contend that Nizeyimana's reckless endangerment conviction constitutes a crime of moral turpitude, such that his detention is mandatory under 1226(c). (Doc. # 6 at 5–6). Nizeyimana neither confirms nor denies this in his Reply. However, even if he had argued that his conviction does not count as a crime of moral turpitude, this Court "would lack jurisdiction to evaluate whether Petitioner's prior convictions properly constitute crimes of moral turpitude." *Gumbs v. Rhoney*, No. 6:26-cv-6072, 2026 WL 1719397, at *4 (W.D.N.Y. June 15, 2026). "Such a determination is necessarily

intertwined with Petitioner's removal proceedings over which the Court does not possess jurisdiction." *Id.*; *see also Aguayo v. Martinez*, No. 1:20-CV-825, 2020 WL 2395683, at *4 (D. Colo. May 12, 2020) ("In count three of the Petition, Mr. Aguayo argues that the ILJ improperly determined he committed a crime of moral turpitude and is thus subject to mandatory detention under 8 U.S.C. 1226(c). But the Court cannot reach the merits of this argument, because it lacks jurisdiction to decide it.").

Because the relief Nizeyimana seeks—immediate release—would necessarily hinge on whether he is being mandatorily detained under 1226(c), this Court lacks jurisdiction to consider his request. *See O.D. v. Steward Det. Ctr.*, No. 4:20-cv-222, 2021 U.S. Dist. LEXIS 226254, at *11 (M.D. Ga. Jan. 14, 2021) ("In effect, Petitioner requests the Court to rule that he does not, in fact, have two convictions for [crimes involving moral turpitude] and thus is not subject to mandatory detention."); *Alphonse v. Moniz*, No. 21-11844, 2022 WL 279638, at *4 (D. Mass. Jan. 31, 2022) ("Here, petitioner's claim that his convictions do not subject him to mandatory detention under 8 U.S.C. § 1226(c) are likewise, in substance, a challenge to his removability. . . . Resolving the question of mandatory detention therefore requires adjudicating petitioner's removability") *Gumbs*, 2026 WL 1719397, at *5 ("Petitioner's unlawful detention claims cannot be resolved without negating the basis for his pending removal, and therefore the Court lacks jurisdiction to review the claims in the petition.").

Moreover, this Court additionally lacks jurisdiction under 8 U.S.C. § 1226(e). Petitioner presents no argument on why this bond hearing was constitutionally insufficient, and the request relief of immediate release would effectively overturn the IJ's decision—something this Court lacks jurisdiction to do. *See Fuentes v. Lyons*, No. 5:25-

cv-153, 2025 WL 3022478, at *3 (S.D. Tx. Oct. 29, 2025) (concluding that "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019))).

## IV. CONCLUSION

Accordingly, and in light of the foregoing, **IT IS ORDERED** that:

(1) Nizeyimana's Petition (Doc. # 1) is **DENIED**; and

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 28th day of August, 2026

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:Judge-DLB\DATA\ORDERS\Cov2026\26-332 Order denying habeas (1226(c)).docx