**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-332-DLB**

**THOMAS NIZEYIMANA** **PETITIONER**

**v.** **ORDER**

**SAMUEL OLSON, et al.** **RESPONDENTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Thomas Nizeyimana's Motion to Alter Judgment (Doc. # 9). Respondents having filed their Response (Doc. # 11), and Petitioner having filed his Reply (Doc. # 12), this matter is ripe for review. For the following reasons, Nizeyimana's Petition is **denied**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Thomas Nizeyimana is a native and citizen of Burundi who entered the United States in 2007 and has remained here since. (Doc. # 1 ¶ 12). He was granted lawful permanent residence ("LPR") in 2009. (*Id.* ¶ 15). He suffers from schizophrenia, which makes it difficult for him to hold a job and pick up on social cues. (*Id.* ¶ 16). In 2013, Petitioner moved to Salt Lake City, Utah. (*Id.* ¶ 18).

In 2015, while still living in Salt Lake City, Nizeyimana pled guilty to unauthorized possession of property, a misdemeanor charge. (*Id.* ¶ 19). His guilty plea was held in abeyance for twelve months, after which time his charges were dismissed with prejudice. (*Id.*). Six years later, in 2021, Nizeyimana was convicted of reckless endangerment,

another misdemeanor charge. (*Id.* ¶ 20). He was given a suspended sentence of 364 days and placed on probation for eighteen months. (*Id.*). Nizeyimana moved to Seattle, Washington to live with his parents in 2024, where he continued to struggle to find employment because of his schizophrenia. (*Id.* ¶¶ 21–22).

In September 2025, Nizeyimana traveled to his native Burundi to seek treatment for his schizophrenia. (*Id.* ¶ 24). Upon his return in December 2025, Nizeyimana was arrested and detained by United States Customs and Border Patrol. (*Id.* ¶ 25). He was subsequently transferred to the Kenton County Detention Center in Covington, Kentucky, where he was detained without bond. (*Id.*). On April 7, 2026, Nizeyimana had a removal hearing before the immigration court in Memphis Tennessee, where an immigration judge ("IJ") ordered Nizeyimana removed to Burundi on the basis of his prior criminal conviction. (*Id.* ¶ 26; Doc. # 6-5). Nizeyimana appealed the IJ's order to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on June 29, 2026, finding Nizeyimana had waived his right to appeal in the hearing before the IJ. (Doc. # 1 ¶ 27). Nizeyimana appealed the BIA's decision to the Sixth Circuit on July 8, 2026, and that case remains pending. (Doc. # 6 at 2). The Sixth Circuit also stayed Nizeyimana's removal pending its review of his appeal. (*Id.*).

Nearly a month after appealing to the Sixth Circuit, on August 7, 2026, Nizeyimana petitioned for a writ of habeas corpus in this Court. (Doc. # 1). In his Petition, Nizeyimana requested that this Court order his immediate release. (*Id.* at 15). This Court denied that Petition in its Order dated August 28, 2026. (Doc. # 8).

## III. ANALYSIS

Nizeyimana argues that his continued detention violates his due process rights under the Fifth Amendment. (Doc. # 1 ¶¶ 59–62). In their Response, Respondents argue Nizeyimana is not eligible for the relief he seeks because he was convicted of a crime involving moral turpitude and is therefore mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1). (Doc. # 6 at 2–3). In his Motion to Alter Judgment, Petitioner cedes that he is subject to mandatory detention (Doc. # 9 at 5) and that, as an "arriving alien," he has no right to a bond hearing before an IJ (*Id*. at 2). Petitioner's argument is that, though he is subject to mandatory detention, he is entitled to release because the duration of his detention violates his due process rights. Petitioner invokes this Court's discretion to order his release. 28 U.S.C. § 2243 (court has authority to "dispose of the matter as law and justice require"); *Principe v. Ault*, 62 F. Supp. 279, 284 (N.D. Ohio 1945) ("This inherent power to admit to bail is historical, and has long been exercised by the court.").

Petitioner cites a recent Sixth Circuit case, *Lopez-Campos v. Raycraft*, for the proposition that "[w]here immigration detention becomes needlessly prolonged and appears to no longer effectuate the regulatory goals of civil immigration detention, courts routinely hold that the Due Process Clause requires an individualized bond hearing to justify a noncitizen's continued detention." 175 F.4th 713, 732-33 (6th Cir. 2026). This Court does not find Petitioner's detention "needlessly" prolonged. As recited above, Petitioner was ordered removed on April 7 of this year, and the cause of his detention's prolongation was his decision to take his removal order through the appeals process. (Doc. # 6 at 2). His case has been pending on appeal for two and a half months, and the Sixth Circuit's resolution of this matter represents a definite termination point to his

detention. Second, *Lopez-Campos* directs lower courts to grant bond hearings when detention no longer "effectuates the regulatory goals of civil immigration detention." The Supreme Court in *Demore v. Kim* concluded that mandatory detention under 1226(c) "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." 538 U.S. 510, 528 (2003); *see also Jennings v. Rodriguez*, 583 U.S. 281, 305-06 (2018) (holding that "§ 1226(c) mandates detention of any alien falling within its scope" subject to certain exceptions not applicable here)

Accordingly, this Court declines to exercise its discretion in granting Petitioner's Motion to Alter Judgment.

## IV. CONCLUSION

Accordingly, and in light of the foregoing, **IT IS ORDERED** that:

(1) Nizeyimana's Motion (Doc. # 9) is **DENIED**; and

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 24th day of September, 2026

**Signed By:**

***David L. Bunning***

**Chief United States District Judge**